█ In the Matter of BOONVILLE BOWL, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent█

█ Memorandum: In this article 78 proceeding to review the determination of respondent, after a hearing respondent suspended petitioner's restaurant liquor license for a period of 30 days remitted 15 days and invoked a forfeiture of petitioner's bond in amount of $1,000. The proceeding was transferred to this court pursuant to CPLR 7804 (subd. [g]). In our opinion the penalty was too severe in the light of all the circumstances. (Review of determination suspending petitioner's restaurant liquor license for 30 days and forfeiture of bond, transferred by order of Oneida Special Term.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOE GOODMAN, Appellant.—█

█ Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DEWITT R. LEE, Appellant.—█

Memorandum: Appellant was convicted in 1958 following a trial. Certain written statements made by him were received in evidence without objection. The court, however, submitted to the jury the issue of the voluntariness of these statements. It follows that there should be a hearing and determination of the voluntariness of appellant's statements in accordance with the procedures outlined in *People* v. *Huntley* (15 N Y 2d 72). (Appeal from judgment of Erie County Court convicting defendant of murder, first degree.) Present — Williams, P. J., Bastow, Del Vecchio and Marsh, JJ.